IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| HAMILTON STATE BANK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-1329 |
| | ) | |
| BARBARA TILLMAN | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiff Hamilton State Bank's ("HSB" or "Plaintiff") Motion for Summary Judgment.

Plaintiff HSB is a Georgia banking corporation and assignee of the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for McIntosh State Bank ("MSB"). Defendant Barbara Tillman ("Defendant") and her spouse, non-defendant Gilbert Tillman, own certain residential real property located at 469 Morgan Dairy Road, Griffin, Georgia, 30224-8204 ("the Property"). Defendant currently resides in Chantilly, Virginia. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between HSB and Defendant, and the amount in controversy exceeds

$75,000. Venue is proper in this District because Defendant resides in the Eastern District of Virginia.

In order to purchase the Property, on January 26, 2007, the Defendant obtained a loan pursuant to a promissory note from MSB in the principal amount of $210,336.80 ("the 2007 Loan"). On July 8, 2009, Defendant refinanced the 2007 Loan pursuant to a superseding promissory note with a new principal amount of $228,700.00 ("the 2009 Loan"). In June 2011, the FDIC assumed control of MSB's assets as Receiver, and subsequently assigned the loan documents pertaining to the Property to HSB pursuant to a Purchase and Assumption Agreement dated June 17, 2011.

The 2009 Loan matured on June 8, 2012, and all obligations thereunder were immediately due and payable to HSB. Defendant did not pay her obligations and thus defaulted on the loan. Rather than foreclose on the Property, HSB agreed to a Forbearance Agreement whereby they extended the maturity date of the 2009 Loan to August 9, 2013. When the Forbearance Agreement expired, Defendant again defaulted and did not pay the balance of the 2009 Loan. On October 14, 2013, the parties executed an Extension of Forbearance Agreement, which extended the time for Defendant to pay off the debt until December 27, 2013. When the Extension expired, the Defendant again defaulted.

The Defendant's failure to make the required payments on the 2009 Loan, the Forbearance Agreement, and the Forbearance

Extension constitutes events of default. As of December 21, 2015, the outstanding total balance owed under the terms of the loan documents is $291,254.42. This amount comprises a principal balance of $222,698.22, interest to December 21, 2015 of $54,246.78, late charges of $2,355.01, and insurance and foreclosure expenses of $11,954.41. Pre-judgment interest from December 21, 2015 until the date of judgment is accruing at the per diem rate of $44.23.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings and evidence before the Court show no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[I]t is ultimately the nonmovant's burden to persuade us that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or speculation—upon which a jury could properly find in its favor." Design Res., Inc. v. Leather Indus. Of Am., 789 F.3d 495, 500 (4th Cir. 2015) (citations and

quotations omitted). If there is no genuine dispute as to any material fact, then it is the "affirmative obligation of the trial judge to prevent 'factually unsupported claims and defenses' from proceedings to trial." Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993).

A federal district court sitting in diversity applies the choice of law rules of the state in which it sits to determine the substantive law that governs the dispute. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496 (1941). "It is a long-standing rule in Virginia that the 'nature, validity, and interpretation of contracts are governed by the law of the place where [the contract was] made ...'" of contract-making. Black v. Powers, 628 S.E.2d 546, 554 (Va. 2006) (quoting C.I.T. Corp. v. Guy, 195 S.E. 659, 661 (1938)). Additionally, "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances ..." Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007).

The loan documents, including the 2007 Loan, the 2009 Loan, the Forbearance Agreement, and the Forbearance Extension, all state that the laws of the State of Georgia shall govern any dispute. This Court will apply Georgia substantive law to the single breach of contract claim.

4

"[T]he elements for a breach of contract claim in Georgia are the (1) breach and (2) resulting damages (3) to the party who has the right to complain about the contract being broken." Norton v. Budget Rent A Car Sys., 705 S.E.2d 305, 306 (Ga. 2010). To recover for a breach of contract, the breach must be material, and "so substantial and fundamental as to defeat the object of the contract." Forsynth Cty. v. Waterscape Servs., LLC, 694 S.E.2d 102, 111 (Ga. Ct. App. 2010). Where the record shows that a promissory note has been duly executed and is in default, "a prima facie right to judgment is established and the burden shifts to the debtor to establish an affirmative defense." Reece v. Chestatee State Bank, 579 S.E.2d 11, 14 (Ga. 2003).

The record reflects that at all relevant times, HSB fulfilled all its obligations under the loan documents, and that the Defendant repeatedly failed to pay and continues to fail to pay the outstanding amounts due on the 2009 Loan. The Defendant does not dispute that she refinanced the Property and executed the loan documents, including the 2009 Loan, the Forbearance Agreement, and the Forbearance Extension. The Defendant also does not dispute that she is currently in default of all contractual payment obligations under the relevant loan documents. The record does not show any admissible evidence justifying Defendant's failure to pay the obligations owed to

5

HSB, and there have been no credible defense proffered in this lawsuit.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be granted.

An appropriate order shall issue.

/s/ Claude M. Hilton

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 2, 2016

6